UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSELINE CANO,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW SAUL, *Commissioner,*<br>*Social Security Administration*,<br><br>        Defendant. | Civil Action No. 1:19-cv-11563-ADB |

**<u>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES</u>**

BURROUGHS, D.J.

Presently before the Court is Plaintiff Joseline Cano's motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $16,275.50. [ECF No. 22]. Defendant Andrew Saul, the Commissioner of Social Security (the "Commissioner"), filed a response in opposition to Cano's request. [ECF No. 23]. Plaintiff filed a reply, [ECF No. 26], and the Commission filed a sur-reply, [ECF No. 29]. For the following reasons, Cano's motion for fees, [ECF No. 22], is <u>GRANTED</u> in part.

**I.    BACKGROUND**

Cano applied for Title II Disability Insurance Benefits and Supplemental Security Income on February 4, 2016. [ECF No. 11-2 at 100]. On July 19, 2016, both applications were denied. [ECF No. 11-5 at 3–8]. Cano applied for reconsideration on August 5, 2016, and her applications were again denied on September 29, 2016. [Id. at 9, 15, 21]. Cano then requested a hearing, which proceeded before Administrative Law Judge Stephen C. Fulton ("ALJ Fulton") on August 24, 2017. [Id. at 26; ECF No. 11-3 at 19]. ALJ Fulton denied Cano's claims on October 30, 2017. [ECF No. 11-2 at 129]. In December 2017, Cano filed a request for review of

ALJ Fulton's decision, which the Appeals Council denied on May 29, 2019. [ECF No. 11-5 at 95–97; ECF No. 11-2 at 2–5]. On July 17, 2019, Cano filed a complaint in this Court seeking review of the Commissioner's decision, [ECF No. 1], and on November 1, 2019, she filed a motion to reverse or remand the Commissioner's decision, [ECF No. 12]. On January 13, 2020, the Commissioner filed a motion to affirm his decision. [ECF No. 15]. On April 15, 2020, the Court granted Cano's motion to reverse or remand in part, and denied the Commissioner's motion to affirm. [ECF No. 20]. Cano then filed her motion for attorneys' fees pursuant to the EAJA on July 11, 2020. [ECF No. 22].

## II.   DISCUSSION

### A.   Entitlement to Award

The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

Comm'r, INS v. Jean, 496 U.S. 154, 158 (1990). The Court finds that each criterion is met in this case, and the Commissioner does not contest that Cano has met these requirements and is entitled to an award of attorneys' fees under the EAJA. [ECF No. 23 at 2–3]. The Commissioner does, however, contest the reasonableness of the fees requested. [Id. at 3].

2

B.     Scope of Award

In <u>Hensley v. Eckerhart</u>, the Supreme Court held that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." 461 U.S. 424, 434 (1983). As the fee applicant, Cano "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." <u>Id.</u> at 437. After the applicant has made his or her case, the district court must review the fee request and exclude hours that were not "reasonably expended." <u>Id.</u> at 434. There is "no precise rule or formula" for determining fee reductions in this context. <u>Id.</u> at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award . . . . The court necessarily has discretion in making this equitable judgment." <u>Id.</u> at 436–37.

Cano submitted an itemized statement of fees seeking an award of $16,275.50, which represents a total of 16.5 attorney hours expended at a rate of $207.00 per hour, 20.1 paralegal hours expended at a rate of $100.00 per hour, and 102.5 law student hours expended at a rate of $100.00 per hour. [ECF No. 22 at 5].[1] Cano also requests $350.00 for federal court filing fees and $50.00 for the District of Massachusetts filing fees paid to commence this action. [<u>Id.</u>].

The Commissioner contests the reasonableness of the total number of hours Cano's counsel expended on the case as well as the rates charged for paralegal and law student work.

---

[1] The $207.00 hourly rate Cano requested for her attorney is based on a consumer price index adjustment to the maximum statutory rate of $125.00 set forth in Section 2412(d)(2)(A) of the EAJA. [ECF No. 22 at 7]; <u>see</u> <u>Tang v. Chertoff</u>, 689 F. Supp. 2d 206, 218 (D. Mass. 2010) ("Under 28 U.S.C. § 2412(d)(2)(A), the Court may increase the fee-award ceiling of $125 per hour to account for increases in the cost of living" by "'multiplying the $125 statutory rate by the [Boston area] annual average consumer price index figure for all urban consumers ("CPI–U") for the years in which counsel's work was performed, and then dividing by the [Boston area] CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate.'" (citation omitted)).

3

[ECF No. 23 at 1]. Specifically, the Commissioner argues that Cano's fee award should be reduced to no more than $5,565.60 for 45 hours of work, which represents a total of 14.8 attorney hours expended at a rate of $207.00 per hour, 15.8 paralegal hours expended at a rate of $90.00 per hour, and 14.4 law student hours expended at a rate of $75.00 per hour. [Id. at 2]. Cano objects to this proposed reduction. [ECF No. 26].

The Commissioner asserts that the number of hours outlined in Cano's fee request is unreasonable and excessive because: (1) the hours billed exceed the average amount of time spent on a Social Security appeal of this nature; (2) 139.1 hours is excessive considering that Cano prevailed on only two of her three arguments and "did not achieve the most favorable outcome possible—a remand for the payment of benefits"; (3) the fee request is "exorbitant" as the case involved "routine rather than novel" issues; (4) the number of law student hours billed is excessive and there are redundancies in connection with the law student's work; (5) pre-complaint tasks and duplicative entries should not be compensated. [ECF No. 23 at 3–9]. The Commissioner additionally maintains that the hourly rates requested for paralegal work and student work are too high. [Id. at 10–11].

      1.      Average Number of Hours

While Cano concedes that "courts have found 40 hours to be a reasonable amount of time to spend on *average* Social Security cases," she justifies the 139.1 hours spent as reasonable when taking into account the large size of the administrative record and the complexity of her case. [ECF No. 26 at 4]. The Court addresses these arguments below, however, it is useful to first establish a benchmark for the average number of hours expended on a typical Social Security appeal. Case law from the First Circuit supports the Commissioner's contention that the average number of hours for a case of this type is between 20 and 40 hours. Traci H. v.

Berryhill, No. 16-cv-00568, 2018 U.S. Dist. LEXIS 214988, at *22 (D. Me. Dec. 21, 2018) (observing that 52.1 hours "exceeds the high end of the range for such cases"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 4572 (D. Me. Jan. 10, 2019); Staples v. Berryhill, No. 15-cv-00392, 2017 U.S. Dist. LEXIS 91184, at *9 (D. Me. June 13, 2017) ("[A] total expenditure of 30 to 35 hours on a Social Security appeal [is] reasonable when no complex issues [are] involved."); Van Dine v. Colvin, No. 15-cv-10140, 2016 U.S. Dist. LEXIS 173614, at *6 (D. Mass Dec. 15, 2016) (stating that 35.95 hours "falls within the normal range for social security cases"); Dowell v. Colvin, No. 13-cv-00246, 2015 U.S. Dist. LEXIS 1128, at *11 (D. Me. Jan. 5, 2015) (noting that "the high end of the range [for a "typical Social Security case"] may be closer to 30 [hours]); see also Destefano v. Astrue, No. 05-cv-03534, 2008 U.S. Dist. LEXIS 16504, at *16 (E.D.N.Y. Mar. 4, 2008) ("[T]he *total* average number of hours spent on a typical Social Security case is between twenty and forty hours."), report and recommendation adopted, 2008 U.S. Dist. LEXIS 38095 (E.D.N.Y. May 9, 2008).

Itemized fee statements should be subjected to "enhanced scrutiny" when the hours requested exceed the average range for a typical Social Security appeal. See Traci H., 2018 U.S. Dist. LEXIS 214988, at *22 (quoting Dowell, 2015 U.S. Dist. LEXIS 1128, at *11–12). There is no doubt that 139.1 hours significantly exceeds the average number of hours for a typical Social Security case, but Cano asserts her case is not "routine" as it involved a large record and novel and complex issues. [ECF No. 22 at 6; ECF No. 26 at 4–5].

      a.    Size of the Record

Cano contends that the number of hours billed for her appeal is justified, in part, by the large size of her administrative record, [ECF No. 22 at 6], which is 1,327 pages, [ECF No. 26 at 4]. In Dowell, the court found that a 422-page record was considered a "relatively small

5

administrative record." 2015 U.S. Dist. LEXIS 1128, at *4, *11.  In contrast, in Staples, the court found that a 931-page record was "longer than average."  2017 U.S. Dist. LEXIS 91184, at *8.  Using these cases as a guide, the Court determines that the size of Cano's record is longer than average, which provides support for Cano's contention that some allowance should be made to account for the additional time spent reviewing a record of this size.  See Guimond v. Soc. Sec. Admin. Comm'r, No. 10-cv-00037, 2011 U.S. Dist. LEXIS 81325, at *5 (D. Me. July 25, 2011) (allowing "some additional hours beyond what is customarily reported by counsel in routine cases, recognizing that this case involved a larger than average record"), report and recommendation adopted sub nom., Guimond v. Astrue, 2011 U.S. Dist. LEXIS 99919 (D. Me. Sept. 6, 2011); Guimond v. Astrue, No. 10-cv-00037, 2011 U.S. Dist. LEXIS 6661, at *5 (D. Me. Jan. 21, 2011) (noting that the administrative record exceeded 1,000 pages).

          b.      Complexity of the Case

Cano argues that the complexity of the issues raised in her appeal justifies her above-average fee request.  [ECF No. 26 at 4–5].  The Commissioner disagrees and asserts that the issues in Cano's case were "routine rather than novel."  [ECF No. 23 at 4].  In her motion to reverse or remand, Cano advanced three reasons why the Commissioner's final decision should be reversed or remanded: (1) the Appeals Council improperly dismissed new, retrospective evidence of Cano's intellectual disability; (2) at step three, the ALJ failed to determine whether Cano's severe fibromyalgia met or equaled an Appendix 1 listing; and (3) the ALJ failed to consider the combined effects of Cano's mental and physical impairments.  [ECF No. 20 at 18; ECF No. 12 at 7–20].  This Court remanded Cano's case based on arguments one and two, [ECF No. 20 at 22, 25]; she did not prevail on argument three, [id. at 26].

Although Cano's first argument was perhaps more complex than average, her other two arguments were garden-variety issues typical of Social Security appeals. This first argument centered on the Appeals Council's rationale for disregarding new evidence, which was that the evidence did not relate to the period at issue. [ECF No. 20 at 18–19]. Resolution of this issue required the Court to analyze cases from district courts in Maine and New Hampshire as there was no District of Massachusetts or First Circuit case directly on point. Although the Court notes the relative complexity of the issue, it was not novel, as demonstrated by the analogous issue raised in the cases cited in this Court's Order. See [id. at 18–22 (first citing Chigas v. Colvin, No. 15-cv-00457, 2016 WL 3166419 (D.N.H. June 6, 2016); then citing Brennan v. Barnhart, No. 05-cv-00123, 2006 WL 217987 (D. Me. Jan. 25, 2006), report and recommendation adopted, 2006 U.S. Dist. LEXIS 4523 (D. Me. Feb. 6, 2006))].

In contrast, Cano's "remaining [arguments] all implicated the customary five-step sequential-evaluation process. None raised novel or complex issues . . . ." Cogswell v. Barnhart, No. 04-cv-00171, 2005 U.S. Dist. LEXIS 12491, at *3–4 (D. Me. June 24, 2005) report and recommendation adopted sub nom., Cogswell v. Soc. Sec. Admin. Comm'r, 2005 U.S. Dist. LEXIS 14735 (D. Me., July 20, 2005) (reducing a request for 44 hours spent on drafting the statement of errors to 30 hours, holding the request to be excessive "given the lack of difficulty or novelty of the issues presented"). While the relative complexity of the first issue supports a finding that additional hours beyond the average 20–40 hours spent on typical cases may be appropriate, any addition should be balanced with the garden-variety nature of Cano's other two arguments. See Staples, 2017 U.S. Dist. LEXIS 91184, at *9, *12 (reducing compensable paralegal hours for excessive time spent on "garden-variety" issues).

2.      Degree of Success

The Commissioner asserts that 139.1 hours is excessive because Cano achieved only "limited" success and the government is not obligated to pay for time spent on unsuccessful arguments. [ECF No. 23 at 5–6]. A district court may "adjust [a] fee upward or downward" based on "results obtained" and the "degree of success" on each of a claimant's arguments. Hensley, 461 U.S. at 434, 436. As previously stated, Cano was successful on only two of her three arguments for remand. See [ECF No. 20]. Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Hensley, 461 U.S. at 436. "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . and therefore no fee may be awarded for services on the unsuccessful claim." Id. at 435 (internal quotation marks and citation omitted).

Courts in this Circuit routinely reduce EAJA fee awards for claimants' unsuccessful arguments. See Blaney v. Saul, No. 18-cv-12009, 2020 U.S. Dist. LEXIS 194912, at *11 (D. Mass. Oct. 21, 2020) (reducing fee award by time spent on unsuccessful arguments); Bachelder v. Soc. Sec. Admin. Comm'r, No. 09–cv–00436, 2010 WL 4412291, at *2 (D. Me. Oct. 29, 2010) ("A district court 'should . . . equitably reduce[] the overall award to reflect the plaintiffs' less than complete success.'" (quoting McDonald v. Sec'y of Health & Hum. Servs., 884 F.2d 1468, 1480 (1st Cir. 1989)); Knudsen v. Colvin, No. 14-cv-00155, 2015 U.S. Dist. LEXIS 100680, at *6 (D. Me. July 31, 2015) ("[A] fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success." (quoting Guimond, 2011 U.S. Dist. LEXIS 81325, at *4)); see also Saeed v. Comm'r of Soc. Sec., No. 16-cv-11928, 2018 U.S. Dist. LEXIS 184475, at *4 (D. Mass. Oct. 28, 2018) (reducing attorney

hours from 38 to 27 hours to account for unsuccessful arguments).  Cano's unsuccessful argument regarding the ALJ's alleged failure to consider the combined effects of her physical and mental health conditions warrants a reduction in the total requested fee award to account for time spent on this unsuccessful argument.  See Hensley, 461 U.S. at 436–37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.").  Her attorneys' billing reports do not provide detail regarding time spent on each argument, therefore the Court will apply a totality of the circumstances approach to reducing her requested fee award by taking into consideration her degree of successfulness, among the other factors discussed herein.  See Knudsen, 2015 U.S. Dist. LEXIS 100680, at *7 ("[c]onsidering the totality of the foregoing circumstances of this case" in reducing the requested EAJA fee award).

        3.     Number of Law Student Hours Billed

The Commissioner contends that the number of hours billed for attorney-supervised law student work is excessive and that it is inappropriate to compensate extra hours caused by "a law student's inexperience and lack of familiarity with Social Security law." [ECF No. 23 at 7 (quoting Tibbits v. Chater, No. 94-cv-04133, 1995 U.S. Dist. LEXIS 19755, at *12 (D. Kan. Nov. 9, 1995)].  While engaging in experiential learning is an important facet of legal education, the First Circuit has held that "[f]ee awards are not intended 'to serve as full employment or continuing education programs for lawyers and paralegals.'"  Castañeda-Castillo v. Holder, 723 F.3d 48, 80 (1st Cir. 2013) (quoting Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir. 1992)).  In Hensley, the Supreme Court endorsed applying the billing norms of private practice to fee requests.  461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, *just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission*." (emphasis added)).  The Supreme Court emphasized that "billing judgment" common to the private sector is just as important in the fee request setting, noting "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)).  Other district courts within this Circuit have found that, in the context of EAJA fee requests, "while valuable to a law firm and the aspiring lawyers alike, the purpose of a[n] internship program is not to 'meet immediate client needs,' and it is thus the law firm which 'should bear the principal cost of [such] a program.'"  EEOC v. AutoZone, Inc., 934 F. Supp. 2d 342, 350 (D. Mass. 2013) (quoting United Nuclear Corp. v. Cannon, 564 F. Supp. 581, 591 (D.R.I. 1983)).

Cano seeks fees for 102.5 hours of law student work, and suggests that savings were achieved by using a law student because the requested hourly rate for the law student is "less than half of a licensed attorney."  [ECF No. 22 at 5, 8].  The Court observes that there are "two elements to the [fee] calculation—the rate and the hours.  While in a given case, the inefficiency of the student may be offset by her lesser rate, here the hours are so great that that economy cannot possibly have been achieved."  Alliance v. U.S. Army Corps of Eng'rs, No. 06-cv-01268, 2012 U.S. Dist. LEXIS 206459, at *36 (D.D.C. Sept. 5, 2012).

Cano claims that the law student's "familiarity with [her] extensive medical record made him well situated to work on [her] appeal before this Court."  [ECF No. 22 at 8].  Despite this claim, it does not appear that such familiarity resulted in any greater efficiency as the student billed 102.5 hours for his work.  [Id. at 14–15]; see, e.g., Staples, 2017 U.S. Dist. LEXIS 91184, at *10 (stating that "plaintiff's attorney's familiarity with the case should have resulted in greater

10

efficiencies"); Brennan v. Barnhart, No. 05-cv-00123, 2007 U.S. Dist. LEXIS 12333, at *8 (D. Me. Feb. 20, 2007) ("Familiarity with the underlying materials concededly should speed the record-review process."), report and recommendation adopted, 2007 U.S. Dist. LEXIS 13374 (D. Me. Feb. 26, 2007). Here, 102.5 hours is more than double the high end of the range of the average number of hours spent on a Social Security appeal, which is excessive on its face considering Cano is also seeking to recover fees for an additional 36.6 hours of attorney and paralegal work. [ECF No. 22 at 5]; see Destefano, 2008 U.S. Dist. LEXIS 16504, at *16 (noting that "the *total* average number of hours spent on a typical Social Security case is between twenty and forty hours"). The excessive nature of the hours billed for student work is another factor the Court will consider in reducing the requested fee award.

    4.    <u>Pre-Complaint Tasks</u>

Cano requests 6 hours (1.7 attorney hours and 4.3 paralegal hours) for activities leading to the filing of her complaint. [ECF No. 22 at 10, 12]. The Commissioner maintains that such pre-complaint activities are not compensable and that even if they were, the hours spent by the attorney and the paralegal were duplicative and redundant. [ECF No. 23 at 8–9].

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States[.]" 28 U.S.C. § 2412(d)(1)(A). The Commissioner, citing Rodriguez v. Astrue, No. 11-cv-00459, 2012 WL 3744700, at *1 (D. Conn. Aug. 28, 2012), interprets this provision to mean that the filing of the complaint is the start of the civil action and that any pre-complaint work is not compensable because it did not arise from the federal civil action. [ECF No. 23 at 8–9]. In Rodriguez, the court disallowed time spent on activities that occurred well in advance

11

of filing the complaint and were related to the underlying application for benefits, rather than the appeal.  Id.  Here, in contrast, Cano is seeking fees for activities conducted in preparation for the present civil action, and those activities occurred close in time to the filing of her complaint. [ECF No. 22 at 10, 12 (listing entries for preparatory activities from June 2019 to mid-July 2019 prior to filing the complaint on July 17, 2019)].

The Commissioner's position is also inconsistent with orders from district courts within the First Circuit, which have found that "[t]he EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action."  Cogswell, 2005 U.S. Dist. LEXIS 12491, at *7; see e.g., id. at *6 (stating that pre-complaint tasks, including "[]reviewing the Appeals Council denial and preparing forms and a letter to the client[,] were performed in preparation for the instant litigation, not as part of the prior administrative proceeding.  They therefore are compensable even though performed a few days prior to the filing of the complaint in this matter." (citation omitted)); Pearson v. Soc. Sec. Admin. Comm'r, No. 11-cv-00252, 2012 U.S. Dist. LEXIS 23359, at *4 (D. Me. Feb. 17, 2012) (finding preliminary tasks like preparing the complaint and summons, reviewing the Commissioner's notice of denial, reviewing the file, and writing a letter to the claimant compensable), report and recommendation adopted sub nom., Pearson v. Astrue, 2012 U.S. Dist. LEXIS 32671 (D. Me. Mar. 12, 2012).  The Court recognizes that some degree of preparatory work is necessary for effective advocacy, and that counsel must familiarize themselves with their client's case and expend time drafting the complaint.  "Thus, certain pre-complaint activities are necessary and, to the extent that they are reasonable, shall be compensated."  Cogswell, 2005 U.S. Dist. LEXIS 12491, at *7 (quoting Gough v. Apfel, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001)).

       5.       Duplicative Entries

Lastly, the Commissioner argues that Cano's fee request is unreasonable because of redundancies in conferencing and reviewing draft filings. [ECF No. 23 at 8].

Cano's three attorneys requested 11.8 hours for conferencing, with each person billing for their participation in the conferences. [ECF No. 22 at 10–15]. "Conferencing, to a significant but not excessive extent, [is] simply a necessary element of managing the litigation competently." Rosie D. v. Patrick, 593 F. Supp. 2d 325, 332 (D. Mass. 2009). Courts are "mindful of the necessity to confer and especially for lead counsel to coordinate one's forces in order to prevent duplicative work and litigate [a plaintiff's] claims effectively," though "the time spent on conferencing must be within reason, and excessive conferencing is to be disallowed." AutoZone, 934 F. Supp. 2d at 350. Here, where Cano's legal team conferred once or twice per month and typically for a half hour or less per conference, the team's communication about her case does not appear excessive.

The Commissioner also objects to the number of hours billed for drafting and revising Cano's motion to remand, asserting that "the review process appears redundant." [ECF No. 23 at 8]. Cano's attorney and paralegal billed 7.4 hours total for time spent reviewing drafts and providing the law student with feedback on the motion for remand, with her attorney spending 3.8 hours and her paralegal spending 3.6 hours. [ECF No. 22 at 10–13]. The Commissioner accurately describes the revision process as detailed by Cano in her itemized fee request: "the attorney reviewed three different drafts of the initial motion, after discussing such edits with the paralegal, before the law student applied such feedback—again, all parties billed for such a lengthy revision process." [ECF No. 23 at 8]; see [ECF No. 22 at 10–15].

"'[T]ime spent by two attorneys on the same general task is not . . . per se duplicative' since '[c]areful preparation often requires collaboration and rehearsal,' especially in response to complex legal issues that are fiercely defended." Castañeda-Castillo, 723 F.3d at 80 (alteration in original) (quoting Rodríguez-Hernández v. Miranda-Vélez, 132 F.3d 848, 860 (1st Cir. 1998)). As stated previously, however, supra Section II.B.1.b, while Cano's case was somewhat more complex than average, it also included two garden-variety issues.  In light of this, the Court agrees with the proposition that "[a] trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism." AutoZone, 934 F. Supp. 2d at 350 (alteration in original) (quoting Lipsett, 975 F.2d at 938).  The Court has already stated that it will allow extra hours due to the complexity of the case.  Therefore, the Court finds that some reduction of the total fees requested is warranted to account for redundancies in the drafting and revision process.  See Staples, 2017 U.S. Dist. LEXIS 91184 at *11 (reducing hours spent on revision of a draft written by an inefficient paralegal because "the time was neither necessary nor reasonable, involving duplicative effort and greater substantive revision than was normally required").

    6.   Rates Requested

Cano requests hourly rates of $207.00 per hour for attorney time, $100.00 per hour for paralegal time, and $100.00 per hour for law student time. [ECF No. 22 at 7].  The Commissioner does not challenge the rate for attorney work but argues that the hourly rates for the paralegal and law student are inappropriate and seeks to lower those rates to $90.00 per hour for the paralegal and $75.00 per hour for the law student.  [ECF No. 23 at 10–11].

14

a.      Paralegal Rate

The EAJA stipulates that fee requests "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). In her motion for fees, Cano notes that the paralegal who worked on her case has "advanced degrees" and "more than 25 years of experience advocating for disabled individuals before SSA and other government agencies." [ECF No. 22 at 8]. Cano further argues that the $100.00 per hour rate requested for her paralegal is in line with the prevailing rates for the greater Boston, Massachusetts area. [Id. at 7–8].[2] Courts within this district have awarded paralegal fees in Social Security cases at an hourly rate of between $90.00 and $95.00. Sinclair v. Berryhill, 284 F. Supp. 3d 111, 117 (D. Mass. 2018) (awarding a paralegal rate of $90.00 per hour); Van Dine, 2016 U.S. Dist. LEXIS 173614, at *5, *7 (same). More recently, two courts in this district found $95.00 per hour to be an appropriate rate for paralegals working on Social Security matters. See Blaney, 2020 U.S. Dist. LEXIS 194912, at *13 (awarding a paralegal rate of $95.00 per hour); Enos v. Saul, No. 19-cv-10023, 2020 U.S. Dist. LEXIS 190876, at *2 n.4 (D. Mass. Oct. 15, 2020) (same). The Court will therefore apply a rate of $95.00 per hour for work performed by Cano's paralegal.

---

[2] Cano cites the United States Consumer Law Attorney Fee Survey Report for 2017–2018 ("Burdge Report") as establishing that the median hourly rate for paralegals in the greater Boston area is $100.00. [Id. at 7]; see Ronald L. Burdge, United States Consumer Law Attorney Fee Survey Report 2017–2018 (Sept. 10, 2019), https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf. Although district courts in Maine have allowed reference to the annual Burdge Report to establish prevailing market rates for paralegals, neither Massachusetts district courts nor the First Circuit have referenced the Report in the context of determining EAJA fees. See, e.g., Traci H. v. Berryhill, 2018 U.S. Dist. LEXIS 214988, at *13–14 (referencing the Burdge Report to determine prevailing paralegal rate); Rosemary C. v. Berryhill, No. 17-cv-00282, 2018 U.S. Dist. LEXIS 213329, at *13–14 (D. Me. Dec. 19, 2018) (same), report and recommendation adopted, 2019 U.S. Dist. LEXIS 18262 (D. Me., Feb. 5, 2019). Furthermore, the Burdge Report does not break down the paralegal rate into subject areas, therefore it is not particularly helpful in determining the prevailing rate for paralegals working specifically on Social Security cases. See Burdge supra, at 324.

See Walsh v. Bos. Univ., 661 F. Supp. 2d 91, 111 (D. Mass. 2009) ("A district court is not . . . 'bound by the hourly rate requested by the victor's counsel; rather, the court may establish a rate that it considers reasonable based on counsel's skill and experience and prevailing market rates.'" (quoting Phetosomphone v. Allison Reed Grp., Inc., 984 F.2d 4, 8 (1st Cir. 1993)).

        b.      Law Student Rate

Cano requests the same $100 per hour for the law student as requested for the paralegal despite the law student and the paralegal having vastly different levels of expertise and experience. [ECF No. 22 at 7]. The Commissioner counters that $75.00 per hour is a more appropriate rate for student work. [ECF No. 23 at 10–11]. In contrast to the paralegal, the law student working on Cano's case had only one year of experience at the Legal Services Center and Cano does not indicate that he had any particular expertise working on Social Security appeals of this nature. [ECF No. 22 at 8]. In Castañeda-Castillo, the First Circuit awarded a lower rate for a law clerk's work than for a paralegal's. 723 F.3d at 77–78. Cano objects to using Castañeda-Castillo as a benchmark for student rates because it was decided seven years ago, in 2013. [ECF No. 26 at 3]. The Court notes that the rate awarded for paralegal work in that case, $100.00 per hour, is the same as the paralegal rate Cano is now requesting in 2020, and finds it appropriate to use Castañeda-Castillo as a benchmark for prevailing law student rates in this case. See 723 F.3d at 77–78. The law student's rate is therefore reduced to $75.00 per hour to account for his lack of experience as compared with the paralegal who worked on Cano's case. See Walsh, 661 F. Supp. 2d at 111.

**C.    Summary of Award**

For the reasons discussed above, the Court will award the full hours reported by Cano's attorney (16.5 hours) and paralegal (20.1 hours), but only 13.4 hours of the time reported by her

student attorney. This will result in a total award of 50 hours compensable at $6,730.00, consisting of $3,415.50 for 16.5 hours of attorney time at $207.00 per hour; $1909.50 for 20.1 hours of paralegal time at $95.00 per hour; and $1005.00 for 13.4 hours of law student time at $75.00 per hour. This amount also includes $400.00 for Cano's combined federal court and District of Massachusetts filing fees. While the award is at the higher end of the range typically granted for successful Social Security appeals, the Court has taken into account the factors discussed above that support a slightly higher-than-average award.

### III. CONCLUSION

Accordingly, Cano's motion for fees, [ECF No. 22], is <u>GRANTED</u> in part. The Court awards Cano a total fee award of <u>$6,730.00</u>, consisting of $3,415.50 for 16.5 hours of attorney time at $207.00 per hour; $1909.50 for 20.1 hours of paralegal time at $95.00 per hour; $1005.00 for 13.4 hours of law student time at $75.00 per hour; and $400.00 for Cano's combined federal court and District of Massachusetts filing fees.

**SO ORDERED.**

November 25, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE