UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSELINE CANO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:19-cv-11563-ADB |
| ANDREW SAUL, *Commissioner,* | * | |
| *Social Security Administration*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

BURROUGHS, D.J.

Presently before the Court is Plaintiff Joseline Cano's supplemental motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $1,303.60, [ECF No. 31], which Defendant Andrew Saul, the Commissioner of Social Security (the "Commissioner"), opposes. [ECF No. 32]. For the following reasons, Cano's motion for fees, [ECF No. 31], is GRANTED in part.

I. **BACKGROUND**

On April 15, 2020, the Court granted in part Cano's motion to reverse or remand the Commissioner's decision to deny her Title II Disability Insurance Benefits and Supplemental Security Income. [ECF No. 20]. Cano filed her first motion for attorneys' fees pursuant to the EAJA on July 11, 2020, [ECF No. 22], which the Court granted in part after reducing her fee request to account for a variety of factors, [ECF No. 30]. Cano now seeks a supplemental fee award to compensate her counsel for time spent preparing her initial fee request. [ECF No. 31]. The Commissioner opposes the motion, arguing first that no fees should be awarded, and second

that if she were to be given an additional award, she should not be awarded the full amount she requests because her initial fee request was only partially successful.  [ECF No. 32].

## II.    DISCUSSION

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . ."  28 U.S.C. § 2412(d)(1)(A).  In Hensley v. Eckerhart, the Supreme Court held that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."  461 U.S. 424, 434 (1983).  As the fee applicant, Cano "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Id. at 437.  After the applicant has made his or her case, the district court must review the fee request and exclude hours that were not "reasonably expended."  Id. at 434.  There is "no precise rule or formula" for determining fee reductions in this context.  Id. at 436.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award . . . .  The court necessarily has discretion in making this equitable judgment."  Id. at 436–37.

Cano has submitted an itemized list of time spent by her three representatives (an attorney, a paralegal, and a law student) on her initial motion for fees.  [ECF No. 31 at 4–10].  Each representative's time has been discounted to account for reductions the Court made in its previous Order, which included reduced rates for the paralegal and law student who worked on her case.  See [id.; ECF No. 30].  As a result, Cano seeks an award of $1,303.60 for 2.8 hours

spent by the attorney at $207 per hour, 3.2 hours spent by the paralegal at $95 per hour, and 5.6 hours spent by the law student at $75 per hour.  [ECF No. 31 at 2].

 As the Commissioner notes, [ECF No. 32], Cano was only partially successful on her initial motion because the Court awarded her less than half of what she requested.  [ECF No. 30 at 17].  The Court reduced her fee request to account for an unreasonable amount of attorney hours, her partial success on her challenge to the Commissioner's decision to deny benefits, duplicative entries, and the high rates requested for the paralegal and law student who worked on her case.  [Id. at 4–11, 13–16].  While the Court acknowledges that her representatives have reduced the supplemental request to account for some of these factors, the Court finds that some additional reduction is appropriate.  In light of this, the Court will exercise its discretion to reduce the amount of the award to $1,000.00.  See Hensley, 461 U.S. at 436–37.

## III. CONCLUSION

 Accordingly, Cano's supplemental motion for fees, [ECF No. 31], is GRANTED in part. The Court awards Cano an additional fee award of $1,000.00 for time spent briefing her initial EAJA fee request.

 **SO ORDERED.**

January 8, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE